## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TATIANA VELAZQUEZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| PNC BANK, N.A. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

AND NOW comes Plaintiff, Tatiana Velazquez, by and through her attorneys, and hereby set forth the following allegations in support of her Complaint:

## JURISDICTION and VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1693m(g).

2. This action arises out of Defendant's violations of the Electronic Fund Transfer Act, 15 U.S.C. §1693 et. seq. ("EFTA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Tatiana Velazquez is a natural person who resides in

Stroudsburg, County of Monroe, State of Pennsylvania.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. §1693a(6), and/or a person affected by a violation of the EFTA with standing to bring this claim under 15 U.S.C. §§1693m(a).

6. Defendant PNC Bank, N.A. is a Pennsylvania corporation with a principal place of business of 300 Fifth Avenue, Pittsburgh, PA 15222.

7. Defendant PNC Bank, N.A. is a "financial institution" as that term is defined by 15 U.S.C. §1693(a)(9).

## FACTUAL ALLEGATIONS

8. On or about January 8, 2021, Plaintiff opened an account with PNC Bank, N.A. account number ending in 0377 and received a debit card.

9. Plaintiff's account with PNC Bank, N.A was an "account" as that term is defined under 15 U.S.C. §1693a(2).

10. The purpose of the account was for Plaintiff to have direct deposit of her pay checks.

11. Plaintiff had a debit card to use solely for emergency purposes when she needed to make payments.

12. On or about October of 2021, Plaintiff lost her debit card that was issued to her by PNC Bank, N.A.

13. On or about October 14, 2021, a check addressed to Plaintiff in the

amount of $18,310.16 was deposited into her account at an ATM in New York.

14. Plaintiff had never seen the check and did not endorse it or deposit it into her account.

15. The ATM transaction is an "electronic fund transfer" as that term is defined in 15 U.S.C. §1693a(7).

16. On or about October 18, 2021, a second check addressed to Plaintiff in the amount of $16,310.11 was deposited into her account from an ATM in New Jersey.

17. Plaintiff had never seen the check and did not endorse it or deposit it into her account.

18. On October 22, 2021, PNC Bank, N.A. sent Plaintiff a notice that the check in the amount of $16,310.11 needed to be verified.

19. PNC Bank N.A. eventually returned the deposited funds from the two checks back to the originating banks.

20. On or about October 20, 2021, while reviewing her account Plaintiff discovered numerous transactions where money was taken from her account using the Apple Cash app.

21. Transactions using the Apple Cash app are "electronic fund transfers" as that term is defined by 15 U.S.C. §1693a(7).

22. Plaintiff has never used Apple Cash.

23. On October 21, 2021, Plaintiff went to her bank branch and talked with the bank branch manager, Melissa Turner, and disputed the charges that were made on her account.

24. On October 25, 2021, an individual entered a PNC Bank branch and using Plaintiff's identity got a debit card issued in Plaintiff's name and withdrew $900.00 from Plaintiff's account.

25. On October 28, 2021, Defendant PNC Bank, N.A. recredited Plaintiff's account in the amount of $3,412.56 while it investigated her dispute.

26. While PNC Bank, N.A. was investigating the dispute, more transactions occurred on Plaintiff's account with money being taken via Apple Cash.

27. All the above referenced transactions were "unauthorized electronic fund transfers" as that term is defined in 15 U.S.C. §1693a(12).

28. On November 13, 2021, Plaintiff went back to the bank to dispute the transactions that had happened since the October 24, 2021, dispute.

29. On November 22, 2021, as a result of the dispute, PNC Bank recredited her account in the sum of $4,303.19.

30. Between the two disputes PNC Bank, N.A. recredited Plaintiff's account in the sum of $7,715.75.

31. On November 23, 2021, PNC Bank, N.A. sent Plaintiff a written notice that dispute investigation has finished, and they determined no error had occurred and all the transactions were valid.

32. As a result of PNC Bank, N.A.'s findings they withdrew all the recredited money from Plaintiff's account.

33. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of EFTA and other consumer protection statutes.

34. As a result of Defendant's violations of this consumer protection statute, Plaintiff have suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT
## 15 U.S.C. §1693 et seq.

35. Plaintiff hereby incorporates paragraphs 1 through 34 above as if the same were set forth more fully at length herein.

36. Pursuant to 15 U.S.C. §1693f, a financial institution that receives a notice of error from a consumer, it must conduct a reasonable investigation within ten days business days, but it can provisionally

recredit the consumer's account if the investigation will take longer than ten days.

37. Plaintiff is a consumer as contemplated by 15 U.S.C. §1693a(6).

38. Plaintiff's dispute was brought within the sixty days required by 15 U.S.C. §1693f(a).

39. PNC Bank, N.A. is a financial institution as contemplated by 15 U.S.C. §1693(a)(9).

40. The unauthorized electronic fund transfers are the kind of act constituting errors under 15 U.S.C. §1693f(f)(1).

41. PNC Bank, N.A. violated 15 U.S.C. §1693f by failing to conduct a reasonable investigation.

42. PNC Bank, N.A. violated 15 U.S.C. §1693f by determining that the transactions were valid despite evidence that Plaintiff lost her debit card.

43. PNC Bank, N.A. violated 15 U.S.C. §1693f by determining that the transactions were valid despite evidence that checks were deposited into Plaintiff's account that were never endorsed by Plaintiff.

44. PNC Bank, N.A. violated 15 U.S.C. §1693f by determining that the transactions were valid despite evidence that Plaintiff never used Apple Cash and that there were numerous transactions involving that app.

45. PNC Bank, N.A. violated 15 U.S.C. §1693f by determining that the

transactions were valid despite evidence that an unknown individual claiming to be the Plaintiff walked into a PNC Bank and withdrew $900.00.

46. PNC Bank, N.A. violated 15 U.S.C. §1693f by not correcting the error within one business day of when it should have determined there was an error.

47. 15 U.S.C. §1693m provides for civil liability for violations of 15 U.S.C. §1693f.

48. 15 U.S.C. §1693f(e) allows for treble damages under any action under 15 U.S.C. §1693m if the financial institution knowingly and willfully concluded that the consumer's account was not in error when such a conclusion could not reasonably have been drawn from the evidence available to the financial institution.

49. PNC Bank, N.A. is liable for treble damages when it knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not have been reasonably drawn from the evidence available to PNC Bank, N.A.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant PNC Bank N.A.:

- for an award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

- for an award of reasonable attorney's fees pursuant to 15 U.S.C. §1693(a)(3);

- for an award of treble damages pursuant to 15 U.S.C. §1693f(e)(2);

- for such other and further relief as may be just and proper.

Dated: February 8, 2022

Respectfully submitted,

/s/ David M. Gaspar, Jr., Esquire

_____
David M. Gaspar, Jr., Esquire
Attorney for Plaintiff
PA Bar ID: 327667
115 E. Broad Street
Bethlehem, PA  18018
(610) 849-2789
david@armlawyers.com